*379 By the Court.
Sandford, J.
The widow of the intestate was a competent witness for the plaintiff, under the code of procedure. The suit was not prosecuted for her immediate benefit within the principle of Davies v. Cram, decided in this court, in December, 1850. The subject was fully examined in that case, and we see no reason to doubt that it was disposed of correctly.
The court below was indisputably right in rejecting the payments made to T. R. Hogan, after the death of the intestate. Whatever authority he had from the intestate, whether direct or inferential, had then ceased.
As to the payment of two hundred and fifty dollars, made in November, 1849, the case is very different. In the execution of the bond and mortgage, and making the loan, T. R. Hogan acted as the agent of his father. The mortgagor applied to him for the loan, and he paid over the money in behalf of his father. When the securities were executed, the intestate told the mortgagor, “ to pay the same ” to T. R. Hogan. And when the payment of two hundred and fifty dollars was made, the bond was in his possession, and he endorsed on it a receipt for that sum. It is true, there is testimony, that he had the posses-. sion of the bond wrongfully at that time, but if such were the fact, it did not affect the defendant, who knew nothing of the wrong, and who doubtless did know of his connexion with the loan originally. Again, it is said there was no evidence that the defendant knew of the intestate’s direction to the mortgagor, to pay the money to T. R. Hogan. We think it is fairly inferable, from the circumstances, that he did know it, and if he did not, he certainly, as the principal debtor, succeeding to the mortgagor’s liability, is entitled to the benefit of that direction in support of a payment made in good faith. He is not to be deprived of the benefit of a fact, which goes to sanction the payment, merely because he was at that time ignorant of that fact.
Without reference to the authority thus given to T. R. Hogan, the possession of the securities at the time of the payment, coupled with his connexion with their inception, his office as an attorney at law, and his relationship to the intestate, was quite sufficient to warrant the defendant in making the payment to *380 him in November, 1849. The law on this subject was fully discussed in Williams v. Walker, 2 Sand. Ch. R. 325, and we adopt the conclusion, there enforced, as to the extent of the authority to be inferred from an agent’s or attorney’s possession of the securities. According to that conclusion, the payment in November, 1849, was valid, irrespective of the original direction to the mortgagor, and with that fact added, it seems to us that there is no room for doubt.
With the principal then paid, the defendants paid the interest which had accrued on the same, from September 21,1849. The year’s interest, due on that day, had been paid, as is admitted in the complaint, and as was proved. There was therefore unpaid, eleven hundred and fifty dollars, with interest, from September 21, 1849. The judgment entered must be modified so as to direct the collection of that amount with the plaintiff’s costs in the court below. Neither party is to have costs as against the other on the appeal.